IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03135-PAB-GPG

LIFTED LIMITED, LLC, a Colorado limited liability company,

    Plaintiff,

v.

NOVELTY INC., an Indiana corporation, and
WAL-MART STORES, INC., a Delaware corporation,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on Defendant Novelty, Inc's Motion for Partial Summary Judgment [Docket No. 33]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    On June 5, 2017, defendant Novelty, Inc. filed a motion for partial summary judgment on plaintiff Lifted Limited, LLC's claim for patent infringement. Docket No. 33. As a basis for the motion, defendant argues that plaintiff's design patent – U.S. Design Patent No. D662,655 – is invalid because it is primarily functional. *Id.* at 3, 8-15. On June 26, 2017, plaintiff filed a response arguing, among other things, that Novelty's motion improperly focuses on the functionality of specific elements of the claimed design rather than on the design's overall appearance. Docket No. 37 at 16. Alternatively, plaintiff asserts that Novelty's motion is premature and requests, pursuant to Fed. R. Civ. P. 56(d), that the Court defer ruling on the motion to allow the parties to conduct further fact and expert discovery. *Id.* at 17. In support of Rule 56(d) relief,

plaintiff submitted a declaration by its attorney, Kent Dallow, that, at the time Novelty filed its summary judgment motion, plaintiff had "not received the full discovery requested on the topics covering Novelty's functionality arguments." Docket No. 37-5 at 5, ¶ 15. On July 20, 2017, Novelty filed a reply in support of its motion for summary judgment. Docket No. 44. Although Novelty acknowledges plaintiff's argument that the summary judgment motion is premature, Novelty does not otherwise address the propriety of Rule 56(d) relief. *See id.* at 1 n.1.

The day after Novelty filed its motion for summary judgment, this matter was set for a claim construction hearing on February 8, 2018. Docket No. 35. Like the summary judgment briefing, the parties' claim construction briefs focus on the functionality of various elements of the '655 Design Patent. In its opening claim construction brief, Novelty requests that those functional elements be excluded from the claimed scope of the design patent. Docket No. 85 at 7-14. Plaintiff responds that Novelty's brief improperly focuses on the functionality of individual elements of the claimed design rather than on the "ornamental contribution" of those elements to the design's overall appearance. Docket No. 94 at 2-3, 8-11.

The parties appeared before the Court on February 8, 2018 for the claim construction hearing. Docket No. 107. At the start of the hearing, defendant Wal-Mart Stores, Inc. moved for a continuance on the ground that it had been recently added as a defendant in the lawsuit and thus had been unable to file a claim construction brief. *See id.* The Court granted the motion. *Id.* The Court further informed the parties that it would defer ruling on Novelty's summary judgment motion until after it had construed the claims in the design patent, given the significant overlap in the functionality

arguments raised in the summary judgment and claim construction briefing.

Fed. R. Civ. P. 56(d) permits a court to "defer considering [a motion for summary judgment] or deny it" if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff argues that Rule 56(d) is appropriate because Novelty filed its motion for summary judgment early in the litigation and at a time when plaintiff had "not received the full discovery requested on the topics covering Novelty's functionality arguments." Docket No. 37-5 at 5, ¶ 15. Although Novelty argues that plaintiff has not identified any disputed issues of material fact precluding summary judgment, Docket No. 44 at 1 n.1, Novelty does not otherwise oppose plaintiff's request for relief under Rule 56(d).

The propriety of deferring resolution of Novelty's summary judgment motion at this stage of the proceedings is made further evident by the significant overlap in the functionality arguments asserted on summary judgment and in the claim construction briefing. In patent infringement cases, courts frequently deny summary judgment motions that are filed before the claim construction hearing when the resolution of issues raised on summary judgment depends on the Court's determination of the scope and meaning of the patent claims asserted. *See, e.g.*, *DOK Solution LLC v. FKA Distrib. Co.*, 2015 WL 1606339, at *1-2 (M.D. Fla. Apr. 8, 2015) (denying motion for summary judgment where court had not yet construed claims at issue); *Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, 735 F. Supp. 2d 928, 933 (N.D. Ill. 2010) (denying motion for summary judgment where claim construction was necessary to construe disputed terms). Here, Novelty moves for summary judgment on the ground that the '655 Design Patent is primarily functional and therefore invalid. Docket No. 33 at 3, 8-

3

15. However, the functionality of the various elements of the '655 Design Patent is also the focus of the parties' claim construction briefing. Because a determination of the scope of the '655 Design Patent after a full claim construction hearing will likely be dispositive of Novelty's invalidity arguments, the Court finds that Novelty's motion for partial summary judgment is premature. The Court will therefore deny the motion without prejudice to Novelty's ability to re-file it after the Court has issued its claim construction ruling. It is therefore

**ORDERED** that Defendant Novelty, Inc.'s Motion for Partial Summary Judgment [Docket No. 33] is **DENIED** without prejudice. It is further

**ORDERED** that Plaintiff's Motion to Strike New Arguments Raised in Defendant's Reply in Support of its Motion for Partial Summary Judgment [Docket No. 45] is **DENIED** as moot.

DATED March 6, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge