N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-03135-PAB-GPG

LIFTED LIMITED, LLC, a Colorado limited liability company,

    Plaintiff,

v.

NOVELTY INC., an Indiana corporation, and
WALMART INC., a Delaware corporation,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on Plaintiff's Objection to Discovery Dispute Order Regarding 30(b)(6) Deposition Topics [Docket No. 209].

The Court reviews a magistrate judge's order on a non-dispositive matter under the clearly erroneous standard. *See* Fed. R. Civ. P. 72(a). A magistrate judge's decision on a discovery dispute is non-dispositive. *See Western Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1189 (D. Colo. 2013) (applying the clearly erroneous standard to a protective order regarding a Rule 30(b)(6) deposition). Therefore, the Court must "affirm unless it '. . . is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The facts relevant to the discovery dispute are not contested. Defendant

Walmart Inc., in preparation for a Rule 30(b)(6) deposition, filed a motion for an informal discovery hearing regarding six topics that it believed were inappropriate during a Rule 30(b)(6) deposition. *See* Docket No. 214 at 4-5. Those six topics were:

> Topic 4. The factual bases for Walmart's contention, if any, that the Asserted Patent is invalid under 35 U.S.C. §§ 102 or 103, including but not limited to all prior art or other documents on which Walmart intends to rely to attempt to prove such invalidity.
>
> Topic 5. The factual bases for Walmart's contention, if any, that the Asserted Patent is invalid under 35 U.S.C. § 101, including but not limited to all documents on which Walmart intends to rely to prove such invalidity.
>
> Topic 6. The factual bases for Walmart's contention, if any, that it does not sell products that infringe the Asserted Patent, including all evidence that Walmart intends to rely upon to prove noninfringement.
>
> Topic 7. The factual bases for Walmart's contention, if any, that any part of Lifted's claim for damages and other remedies from Walmart is barred, in whole or in part, by 35 U.S.C. §§ 285, 286, and/or 287.
>
> Topic 8. The factual bases for Walmart's contention, if any, that Lifted has failed to comply with the marking requirements set forth in 35 U.S.C. § 287 or that Lifted's claim for damages is limited in any way under 35 U.S.C. § 287.
>
> Topic 27. The factual basis for the denials asserted in Walmart's Answer as well as the factual basis for the asserted affirmative defenses.

Docket No. 209 at 5. After a telephonic hearing on the matter, Magistrate Judge Gallagher issued a protective order preventing plaintiff from asking defendant Walmart Inc.'s Rule 30(b)(6) designee questions regarding these topics. *See* Docket No. 204 at 2. Specifically, the magistrate judge noted that, while a Rule 30(b)(6) deposition could be used to develop legal contentions, interrogatories pursuant to Rule 33(a)(2) may be more appropriate in certain circumstances. *See id.* at 3. The magistrate judge concluded that the contention topics plaintiff sought from Walmart were about "various

2

underlying legal contentions," and obtaining that information through a Rule 30(b)(6) deposition would be overly burdensome compared to Rule 33(a)(2) interrogatories, which would not require Walmart to prepare all of its proof regarding each of its counterclaims and affirmative defenses.  *Id.*

Plaintiff then filed objections to the magistrate judge's order.  *See* Docket No. 209.  Plaintiff makes three objections: (1) a Rule 30(b)(6) is an appropriate vehicle to determine a party's affirmative defenses; (2) the magistrate judge applied the incorrect standard in analyzing whether a Rule 30(b)(6) deposition was appropriate in this case; and (3) the magistrate judge erred in only allowing plaintiff to serve contention interrogatories.  *See id.* at 7-15.  The Court addresses each in turn.

First, plaintiff asserts that, contrary to the magistrate judge's order, a Rule 30(b)(6) deposition is an appropriate vehicle to probe a party's affirmative defenses and legal contentions.  *See id.* at 7-11.  In doing so, plaintiff cites a variety of cases from outside the District of Colorado.  *See id.*  However, plaintiff appears to be misconstruing the discovery order.  The order states that "Rule 30(b)(6) depositions can be used to develop the deponent's legal contentions; contention interrogatories under Rule 33(a)(2) are usually more appropriate, but the choice between the two must be made on a case-by-case basis."  *See* Docket No. 204 at 3 (quoting *Century Sur. Co. v. Smith*, No. 14-cv-00947-RM-MJW, 2014 WL 7666061, at *5 (D. Colo. Jan 21, 2014)).  Thus, it was not that Judge Gallagher determined that a Rule 30(b)(6) deposition is always inappropriate for examining a party's legal contentions, but that it was in this case.  *Id.*  Accordingly, this objection is overruled.

Second, plaintiff argues that the magistrate judge applied the incorrect legal

standard when the discovery order stated that "[p]laintiff did not provide this Court with any compelling reason why such topics could not be dealt with via interrogatories or demonstrate a substantial need to obtain the information solely via a Rule 30(b)(6) deposition."  *See id.* at 4; Docket No. 209 at 12.  Plaintiff, however, misreads the order.  Properly construed, the discovery order determined that a Rule 30(b)(6) deposition was not the proper means of obtaining the information plaintiff sought because it was not cost-effective and would be burdensome.  *See* Docket No. 204 at 3.  In other words, the order concluded that plaintiff did not provide a reason why a Rule 30(b)(6) deposition would not be burdensome or less cost-effective and, thus, plaintiff did not offer a "compelling reason" why it should be permitted to ask questions regarding the six topics.  In its objection, plaintiff fails to provide any argument why a Rule 30(b)(6) deposition would not be burdensome or that it would be cost-effective.  Accordingly, because the Court finds that the magistrate judge applied the correct standard, and plaintiff offers no reasoning why, under that standard, the order is incorrect, the objection is overruled.

Finally, plaintiff argues that the magistrate judge erred in only permitting plaintiff to ask questions regarding the six topics in contention interrogatories.  *See* Docket No. 209 at 13.  The only argument that plaintiff presents is that Walmart "had already 'marshalled' all of the facts during the three-year period of discovery" and, as a result, "its witness[es] were in the best position possible to answer questions about its claims and defenses."  *Id.*  Plaintiff does not, however, explain how the magistrate judge's decision to require plaintiff to ask questions of its topics in interrogatories, rather than a Rule 30(b)(6) deposition, was clearly erroneous.  Rather, plaintiff seems to be

suggesting that, in its position, it would be better off with a Rule 30(b)(6) deposition rather than with interrogatories. But that is not the standard for reviewing a magistrate judge's discovery order. Rather, the Court must be left "with the definite and firm conviction that a mistake has been committed.'" *Ocelot*, 847 F.2d at 1464. Plaintiff's beliefs that it would be in a better position with a deposition rather than an interrogatory do not convince the Court that the magistrate judge erred, particularly given that plaintiff has offered no reasoning or argument why the six topics were not overly burdensome and costly. Accordingly, this objection is overruled.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to Discovery Dispute Order Regarding 30(b)(6) Deposition Topics [Docket No. 209] is **OVERRULED**.

DATED September 30, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge