N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-03135-PAB-GPG

LIFTED LIMITED, LLC, a Colorado limited liability company,

    Plaintiff,

v.

NOVELTY INC., an Indiana corporation, and
WALMART INC., a Delaware corporation,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on defendant Novelty Inc.'s Motion to Decline Subject Matter Jurisdiction for Illegality [Docket No. 196].

## I. BACKGROUND

Plaintiff Lifted Limited, LLC is the assignee of U.S. Design Patent No. 662,655 (the '655 Patent"), which covers the "ornamental design for a lighter holder and tool, as shown and described" in the following seven figures:



Docket No. 85-1 at 2-5. On December 20, 2016, plaintiff filed suit. *See* Docket No. 1. The operative complaint alleges that the Midnight Smoker Utility Tool sold by defendants Novelty Inc. ("Novelty") and Walmart Inc. infringes the '655 Patent. Docket No. 67 at 7-12, ¶¶ 26-27, 40-41, 54-61. On May 27, 2020, the Court issued an order construing the '655 patent as an ornamental design for a lighter holder and tool as shown in the figures above. Docket No. 162 at 17. On January 15, 2021, Novelty filed the present motion, arguing that the Court should decline subject matter jurisdiction over this dispute because the Toker Poker, the subject of the '655 patent, is primarily used for smoking marijuana, and marijuana is illegal under federal law. Docket No. 196.

## II. LEGAL STANDARD

The Court first notes that Novelty fails to describe under what rule it seeks dismissal. *See generally id*. Rather, Novelty simply states that the Court should decline subject matter jurisdiction based "on the long-established grounds of subject matter illegality to uphold the integrity of this Court and the sanctity of federal law." *Id.* at 1. Nonetheless, the Court finds that Federal Rule of Civil Procedure 12(b)(1) is the most appropriate framework for analyzing Novelty's motion. Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072,

1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, Novelty attacks the factual basis on which subject matter jurisdiction rests, arguing that, based on the facts of this case, the Court does not have subject matter jurisdiction over this patent dispute. *See generally* Docket No. 196. Accordingly, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.*

## III. ANALYSIS

Novelty's argument is that, because the Toker Poker is illegal drug paraphernalia, enforcing plaintiff's patent protections would be in furtherance of an illegal act, and thus is barred by the illegality doctrine. *See* Docket No. 196. In Novelty's formulation, the illegality doctrine prevents a federal court from adjudicating a dispute over the "fruits of a criminal enterprise." *See id.* at 10-11. Although Novelty provides no support for the use of this doctrine either in the patent context – particularly a situation where there is a validly issued patent – or in the Tenth Circuit generally, the Court finds that the Toker Poker is not illegal drug paraphernalia. Accordingly, the Court need not resolve the applicability of the illegality doctrine to this case.

Pursuant to 21 U.S.C. § 863(a), it is illegal to: "(1) sell or offer for sale drug paraphernalia; (2) to use the mails or any other facility of interstate commerce to transport drug paraphernalia; or (3) to import or export drug paraphernalia." 21 U.S.C. §§ 863(a)(1)-(3). As relevant here, "drug paraphernalia" is defined as:

4

> any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body.

§ 863(d). Additionally, the statute lists fifteen categories of per se drug paraphernalia. *See* §§ 863(d)(1)-(15). For example, "water pipes," "bongs," and "cocaine freebase kits" are per se drug paraphernalia. *See* §§ 863(d)(2), (12), (15). Novelty does not argue that the Toker Poker is per se drug paraphernalia, *see generally* Docket No. 196, and the Court finds that it is not. As the claim construction order concluded, the Toker Poker is an ornamental design for a lighter with various tools, including a tamper and a poker. *See* Docket No. 162 at 17. Nothing in the list of per se items of drug paraphernalia resembles a lighter holder, a tamper, or a poker. *See* §§ 863(d)(1)-(15).

However, even if an item is not per se drug paraphernalia, it may nevertheless be considered as such if it is "primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance." § 863(d). The statute lists eight factors which, "in addition to all other logically relevant factors," may be considered "[i]n determining whether an item constitutes drug paraphernalia." § 863(e). But, these factors are irrelevant if one of two exceptions apply. The statute states that "[t]his section shall not apply to . . . (1) any person authorized by local, State, or Federal law to manufacture, possess, or distribute such items; or (2) any item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally

5

intended for use with tobacco products, including any pipe, paper, or accessory." §§ 863(f)(1)-(2). The Court finds that the Toker Poker falls within the exception for items "traditionally intended for use with tobacco products," § 863(f)(2), and, as a result, is not illegal drug paraphernalia pursuant to § 863.

The Toker Poker has three primary components: a lighter sheath, a tamper, and a poker. *See* Docket No. 162 at 2, 10. All of these tools, however, are traditionally associated with tobacco use. A tamper is a blunt instrument used to "tamp" down tobacco when it is smoked in a pipe. A poker or "pick" is used to clear a tobacco pipe of excess tobacco or to loosen tobacco that has been tamped down too tightly. Finally, a lighter sheath is an ornamental holder for a lighter. The United States Patent and Trademark Office's class specifically lists "cigarette lighter holder[s]," "pipe tampers," and "pipe cleaners" within Class 34 of its trademark classifications. *See* Docket No. 211-6 at 6. That these traditional items are combined into one package does not make the Toker Poker any less "traditionally intended for use with tobacco products." § 863(f)(2); *see also* Docket No. 211-2 at 12, ¶ 46 ("The Toker Poker is a holder designed for a cigarette lighter, and the cleaning stick and tamper are traditionally associated with tobacco pipes. It is a smoking tool accessory that can be used to clean smoking pipes.").

Novelty argues that plaintiff has never alleged "even a single instance of the Toker Poker being used for anything other than marijuana." *See* Docket No. 215 at 6. Furthermore, Novelty contends that "all evidence and non-speculative testimony" states that the "Toker Poker product is actually used as intended and marketed, i.e. in connection with smoking marijuana." *Id.* at 7. In support, Novelty cites *United States v.*

*Assorted Drug Paraphernalia Valued at $29,627.07*, 2018 WL 6630524, at *10 (D.N.M. Dec. 19, 2018), for the proposition that plaintiff may not hypothesize potential tobacco-related uses for the Toker Poker. *Id.* The Court finds this argument unpersuasive.

First, the tobacco exemption removes from § 863's purview any item that is "traditionally intended" for use with tobacco, regardless of any of the other factors in the statute. Section 863(f)(2) states that "[t]his section *shall not apply*" to products traditionally intended for use with tobacco. *Id.* (emphasis added). Since a lighter holder, a tamper, and a poker are all products traditionally intended for tobacco use, regardless of any other uses they might have, plaintiff's marketing does not change a traditional use to a non-traditional one. As the Supreme Court has stated, "[a]n item's 'traditional' use is not based on the subjective intent of a particular defendant." *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 520-21 (1994).

Second, *Assorted Drug Paraphernalia* is inapposite. There, the defendant had eight categories of items seized: (1) "[p]ipes and smoking instruments"; (2) "[r]oach clips"; (3) "[m]arijuana grinders"; (4) "[s]cales"; (5) "[n]ails and quartz bangers"; (6) "[f]lip tops and glass vials"; (7) "[c]oncealment containers"; and (8) "[s]ynthetic urine kits and detoxifiers." *Id.* at *5. The court first found that several of these items "constitute per se drug paraphernalia," such as the roach clips and glass pipes. *Id.* In addressing the tobacco exemption, the court found that the defendant provided no "meaningful argument" on the issue, and that the sole argument he presented was that the items "*can* [be] used for smoking tobacco." *Id.* at *10. The court found that this hypothetical tobacco use was insufficient. *Id.* In other words, it was a stretch to suggest that tobacco is "'traditionally' smoked with a gas mask or any other items" found at the

7

defendant's property.  *Id.*  But there is no such issue here.  Plaintiff's product is a tamper, cigarette holder, and poker, not a gas mask, grinder, water pipe, or anything else that is not traditionally used to smoke tobacco.  And while the court in *Assorted Drug Paraphernalia* did say that the defendant could not hypothesize potential uses, that was because the defendant made no argument that the products were traditionally used for tobacco, and was only arguing that the items could be used for tobacco.  *Id.*  It is not a mere hypothesis that lighter holders, tampers, and pokers are traditionally used for tobacco.  Novelty's bare assertion otherwise based on plaintiff's marketing and the Toker Poker's "new design," Docket No. 215 at 6 – combining the traditional products into one – is insufficient to demonstrate otherwise.

Accordingly, the Court finds that the Toker Poker is an item that is traditionally used for tobacco and, as a result, is not drug paraphernalia pursuant to § 863.  Because the Toker Poker is not drug paraphernalia, Novelty's illegality doctrine argument necessarily fails and the motion will be denied.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** Novelty Inc.'s Motion to Decline Subject Matter Jurisdiction for Illegality [Docket No. 196] is **DENIED**.

DATED September 30, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge