IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 16-CV-03135-PAB-GPG

LIFTED LIMITED, LLC, a Colorado limited liability company,

    Plaintiff/Counterclaim Defendant,

v.

NOVELTY INC., an Indiana corporation, and
WALMART, INC., a Delaware corporation,

    Defendants/Counterclaim Plaintiffs.

## ORDER DENYING DEFENDANT NOVELTY'S MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF MICHAEL PELLEGRINO

This matter comes before the Court on Defendant Novelty, Inc.'s (Novelty) motion to strike the supplemental damages report of Michael Pellegrino (D. 228)[1], Plaintiff Lifted Limited, LLC's (Lifted) response (D. 242), and Defendant Novelty's reply (D. 252). The motion has been referred to this Magistrate Judge. (D. 232).[2] The Court has reviewed the pending motion, response, reply, and all attachments. The Court has also considered the entire case file, the applicable law, and is

---

[1] "(D. 228)" is an example of the stylistic convention used to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court's ruling on this matter is non-dispositive as it does not remove any claim or defense from this case. Pursuant to 28 U.S.C. § 636 (b)(1)(A), "A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Any party may object to this non-dispositive Order within fourteen (14) days. Fed. R. Civ. P. 72(a). The failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd*., 989 F.3d 747, 782-83 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

sufficiently advised in the premises. Oral argument is not necessary. This Magistrate Judge DENIES the motion for the reasons specifically set forth below.

I.  FACTS

Defendant Novelty moves to strike the supplemental damages report of Plaintiff's expert, Michael Pellegrino, on the basis that the report was served sixty-three days late and with no excuse. (D. 228, p. 1). Defendant argues that the sales information from Defendant Walmart, Inc. (Walmart), which Plaintiff claims precipitated the supplementation, was information that had been timely disclosed before Pellegrino's deposition. (*Id.*, p. 7). Defendant Novelty alleges that Plaintiff "sandbagged" Defendants "with bait-and-switch damages reports that openly violated this Court's Scheduling Order, upset Defendants' reasonable and efficient litigation . . . and deprived Defendants of the opportunity to respond with their own expert(s)." (*Id.*, p. 2). Plaintiff argues that it timely disclosed the supplemental expert report under Federal Rule of Civil Procedure 26(e)(2) and D.C.COLO.LCivR 26.1(b). (D. 242, pp. 8-11).

The deadline for designation of affirmative experts and provision of information relating to those experts was February 26, 2021. (D. 195). Plaintiff's initial report by Pellegrino was disclosed on February 26, 2021. (D. 242-1). The expert discovery deadline was April 30, 2021. (D. 195). Pellegrino was deposed on April 26, 2021, with counsel for Defendant Novelty, Drake Hill, present. (D. 242-2, pp. 2-3). During the deposition, it became clear that Pellegrino had not properly calculated the damages. (*Id.*, pp. 37-46). Counsel for Walmart specifically reserved the right to reopen the deposition to address any supplements to Pellegrino's report, counsel for Plaintiff agreed, and counsel for Defendant Novelty did not object. (*Id.*, p. 47). On April 30, 2021, Plaintiff disclosed Pellegrino's supplemental report. (D. 242-3, p. 2).

II.     ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" and disclosure must include a written report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(A)-(B). A party may supplement disclosures made pursuant to Rule 26(a), including expert reports, if the party discovers that the disclosure is "incomplete or incorrect" in some "material respect." Fed. Rule Civ. P. 26(e)(1)(A). Such supplementation must be "timely" made, but no later than the time a party's pretrial disclosures are due under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(1)-(2). "Permissible supplementation under the Rules instead means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) (citation and internal quotations omitted) (finding that pre-trial court rulings, do not constitute new information justifying supplementation under Rule 26(e)). And the disclosing party is obliged to supplement "when the disclosing party reasonably should know that its prior discovery responses are incomplete." *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 299 (D. Colo. 2014).

Under the Court's Local Rules, disclosures under Rule 26(a)(3) must be made by the deadline for the submission of the Final Pretrial Order. D.C.COLO.LCivR 26.1(b); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-CV-02516-WJM-KLM, 2015 WL 72360, at *3 (D. Colo. Jan. 5, 2015); *Buben v. City of Lone Tree*, No. 08-cv-00127, 2010 WL 4810632, *2 (D. Colo. Nov. 19, 2010). In determining timeliness, the Court considers a party's diligence in obtaining the supplemental information, the length of time to

3

supplement once the party obtained the supplemental information, and other relevant facts to determine whether a party's course of conduct in supplementing frustrates the purpose of Rule 26 to promote full and orderly pretrial disclosure.  *See e.g., Jama*, 304 F.R.D. at 299-300; *Harvey v. United States*, No. 04-CV-00188-WYD-CBS, 2005 WL 3164236, at *13 (D. Colo. Nov. 28, 2005) ("Again, Rule 26(e)(1) requires a party to supplement disclosures when they learn that in some material respect the information is incomplete or incorrect.") (citation and internal quotations omitted).

If the court finds a violation of Rule 26(e), it must consider the imposition of an appropriate sanction.  Unless substantially justified or harmless, Rule 37(c)(1) precludes a party from using information to supply evidence on a motion or at trial if that party fails to disclose the information as required by Rule 26(e).  Fed. R. Civ. P. 37(c)(1).  The court has broad discretion in determining whether the Rule 26 violation was substantially justified or harmless, and the court need not make explicit findings in this regard.  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).  Nonetheless, several factors guide the Court's determination, including: "(1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*; *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).  If neither substantially justified nor harmless, the Court must choose a sanction that is both just and related to the discovery violation. *Jama*, 304 F.R.D. at 300.

The parties do not dispute the reason that necessitated the supplementation of Pellegrino's report.  And counsel for all parties were present during the deposition when supplementation was discussed.  This Court finds that Plaintiff's supplemental expert report is a permissible and timely

4

supplement. Plaintiff is permitted to correct inaccuracies using Defendant Walmart's data and the correction of material inaccuracies is contemplated under Rule 26(e). *See Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, No. 10-CV-02139-MSK-NYW, 2015 WL 6735495, at *3 (D. Colo. Nov. 4, 2015). Indeed, the Court finds that Plaintiff's supplemental report can be characterized "as more de minimis and less bolstering in nature," particularly because the supplemental economic conclusion favors Defendants and decreased the alleged damages by $75,029. *Buben*, 2010 WL 4810632, at *3.

And Defendant Novelty cannot argue that it was surprised by such a supplement – counsel was at the deposition when the discussion about a forthcoming supplemental report was mentioned. (D. 242-2, p. 47). The supplemental expert report was issued four days later, which the Court finds to be timely. Furthermore, this Court does not find that Pellegrino's oversight was the result of bad faith or willfulness. Defendant Novelty concedes that it "elected to forego incurring the significant time and expense of hiring a rebuttal damages expert" despite knowing a supplemental expert report was forthcoming in the next few days. (D. 228, p. 2). Forcing Plaintiff to proceed without an accurate damages report would be fundamentally unfair and a significant sanction, which Plaintiff does not merit. Novelty's obvious remedy is to alter its stance and retain a damages expert to rebut Pellegrino's supplemental report. No trial date will be upset as none is currently set. And the parties have already agreed to reopen the deposition to address any supplements to Pellegrino's report.

III. CONCLUSION

For the foregoing reasons, this Magistrate Judge DENIES Defendant Novelty's motion to strike. (D. 228).

It is FURTHER ORDERED that Defendants SHALL have the thirty (30) days originally afforded to designate a rebuttal expert and provide opposing counsel party with all information specified in Fed. R. Civ. P. 26(a)(2). Expert discovery as to this discrete issue SHALL close thirty (30) days after rebuttal disclosure.

It is FURTHER ORDERED that if Plaintiff's supplemental report necessitates any further discovery, Plaintiff SHALL, at Plaintiff's expense, make Pellegrino available at a location of Defendants choosing for a four-hour deposition.

It is FURTHER ORDERED that, within ten (10) days of this Order, the Parties SHALL notify the Court of any other matters necessitating discussion or review as a result of this Order.

Dated at Grand Junction, Colorado this March 31, 2022.

Gordon P. Gallagher
United States Magistrate Judge