IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-03135-PAB-GPG

LIFTED LIMITED, LLC, a Colorado limited liability company,

    Plaintiff,

v.

NOVELTY INC., an Indiana corporation, and
WALMART INC.,

    Defendants.

## ORDER

This matter is before the Court on Defendant Walmart, Inc.'s Motion for Partial Summary Judgment [Docket No. 225] and Defendant Novelty Inc.'s Second Motion for Partial Summary Judgment [Docket No. 226].[1]  Plaintiff filed a combined response to both motions.  Docket No. 254.  Defendant Walmart Inc. ("Walmart") filed a reply in support of its motion.  Docket No. 260.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Plaintiff Lifted Limited, LLC ("Lifted") filed this lawsuit on December 20, 2016. Docket No. 1.  The operative complaint asserts claims against defendants Novelty Inc. ("Novelty") and Walmart for: (1) patent infringement (2) trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a); (3) trade dress infringement under Colorado common law; (4) unfair competition under Colorado common law; (5)

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument and will deny defendant Walmart Inc.'s request for oral argument.  Docket No. 290.

deceptive trade practices under the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 to -115; and (6) unjust enrichment under Colorado common law. Docket No. 67 at 10-21, ¶¶ 52-126.  Walmart moves for summary judgment on that portion of plaintiff's damages claim for patent infringement that seeks damages from Walmart before July 27, 2017.  Docket No. 225 at 2.  Defendant Novelty, while saying it "echoes" Walmart's motion for partial summary judgment, only seeks an order deeming certain facts as being admitted.  Docket No. 226 at 1.

## I. BACKGROUND[2]

Lifted, which sells smoking accessory devices, is the assignee of United States Design Patent No. D662,655 (the "'655 Patent"), which covers the "Toker Poker," a multi-tool lighter sleeve that includes a poker, tamper, and a cut out for a hemp wick. Docket No. 225 at 3, ¶¶ 1, 3-5.  The patent issued in 2012.  *Id.*, at ¶ 4.

Even though it could have done so, Lifted did not mark individual Toker Pokers with any words, numbers, or other markings that would indicate that the Toker Poker is patented, or that the Toker Poker itself allegedly constitutes protected trade dress, or any other "intellectual property markings" before November 14, 2016.[3]  Docket No. 226

---

[2] The following facts are undisputed unless otherwise indicated.

[3] Lifted states that it began marking the Toker Poker with "patented" or "patent pending labels" as early as 2014.  Docket No. 254 at 2, ¶ 6.  In response to an interrogatory, Lifted stated the Toker Poker was not marked with patent numbers before November 14, 2016.  Docket No. 225-2 at 4.  To dispute defendants' assertion that Lifted did not mark the Toker Poker itself, Lifted cites to a declaration from Lifted's lawyer and to photographs of packaging from the Toker Poker.  Docket No. 254 at 2, 7, ¶¶ 6, 2 (citing Docket Nos. 254-1 at 1, ¶ 3; 254-2 at 2-8).  Neither citation supports a claim that Lifted marked individual Toker Pokers as patented at any time before November 14, 2016, as opposed to marking the packaging for a box of 25 Toker Pokers.  Docket Nos. 254-1 at 1, ¶ 3; 254-2 at 2-8.  Lifted has not shown any factual

at 1-2, ¶ 2.

Novelty distributes and sells novelty products likely to be purchased on impulse. Docket No. 225 at 6, ¶ 17. While visiting a trading company showroom in Wenzhou, China, Novelty's president and CEO Todd Green saw a multi-tool lighter sleeve and decided he wanted to make Novelty's version of the product. Docket No. 226 at 2, ¶ 4. Typically, when Green finds a product he would like to improve upon, he screens any patent registration numbers available on the product.[4] *Id.*, ¶ 5. The product Green saw in Wenzhou was not marked as patented.[5] *Id.*, ¶ 6.

After Mr. Green's trip, Novelty developed a multi-tool for lighters called the "Midnight Smoker" and began selling it to several third parties, including Walmart, in 2016. Docket No. 225 at 6-7, ¶¶ 21, 23. When Novelty developed the Midnight Smoker tool, it did not know that Lifted had a design patent for the Toker Poker. Docket No. 226 at 2, ¶ 8.[6] Walmart sold the Midnight Smoker from October 22, 2016 to March

---

dispute on the markings of individual Toker Pokers. The Court deems this fact admitted.

[4] Lifted purports to deny this fact, stating "Mr. Green did not screen the Toker Poker that he had in his hands as it was marked with 'Patent Pending.'" Docket No. 254 at 4, 7, ¶¶ 19, 5. However, plaintiff fails to follow the Court's Practice Standards, which require that any denial of fact "be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial." Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.F.3.b.iv. (emphasis omitted). Plaintiff provides no citation to evidence. The Court will deem this fact admitted.

[5] Lifted denies this fact, but fails to cite any support in the record. Docket No. 254 at 4, 7, ¶¶ 20, 6. The Court deems this fact admitted.

[6] Lifted argues this fact is disputed based on files that were not preserved from a computer that belonged to Mr. Anez, a designer for Lifted. Docket No. 254 at 5-6, 8, ¶¶ 22, 8. In its combined response to the summary judgment motions, Lifted states that

4, 2018.  Docket No. 225 at 7, ¶ 24.

On November 14, 2016, Lifted contacted Novelty for the first time.  Docket No. 226 at 2, ¶ 10.  Lifted mailed Novelty a letter alleging that the Midnight Smoker infringed the '655 Patent and the trademark of the Toker Poker.  Docket No. 225 at 7, ¶ 27.  On December 20, 2016, Lifted sued Novelty for patent infringement, trade dress infringement, and common law trade dress infringement.  *Id.* at 8, ¶ 29.  On July 27, 2017, Lifted contacted Walmart for the first time.[7]  Docket No. 226 at 3, ¶ 12.  Lifted sent Walmart a letter alleging that sales of the Midnight Smoker infringed the '655 Patent.  Docket No. 225 at 8, ¶ 30.  In November 2017, Lifted amended its complaint to include Walmart as a defendant.  *Id.*, ¶ 32.

Novelty indemnifies Walmart against claims of patent infringement and must promptly notify Walmart "of the assertion, filing or service of any lawsuit, claim, demand, action, liability or other matter that is or may be covered" by Walmart's indemnity.  Docket No. 254 at 9-10, ¶¶ 1-2.

## II.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the

---

once it deposes Mr. Anez, it will move for an instruction on spoliation.  *Id.*  No such motion has been filed.  Nor has Lifted filed a supplement to its response to Novelty's motion for summary judgment indicating whether it has any evidence of spoliation.  Without evidence that shows a dispute, the Court will deem this fact admitted.

[7] Lifted disputes this fact based on Lifted's communication with Walmart before July 27, 2017, Docket No. 254 at 9, ¶ 12; however, for the reasons stated below, the Court finds Lifted did not contact Walmart regarding the allegations in this case before July 27, 2017.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d

at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

### A. Walmart's Motion

Walmart argues that, because Lifted did not place a patent number on the Toker Poker, Lifted cannot recover damages before July 27, 2017, which is the time when Lifted provided Walmart with notice of its claims of infringement under 35 U.S.C. § 287(a). Docket No. 225 at 9.

Section 287(a) of Title 35 states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). Constructive notice under § 287(a) "is provided when the patentee consistently mark[s] substantially all of its patented products." *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (quotations omitted). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d

178, 187 (Fed. Cir. 1994).

Walmart argues that § 287(a) limits Lifted's damages claim because Lifted did not mark the Toker Poker pursuant to § 287(a) and did not provide actual notice to Walmart until July 27, 2017. Docket No. 225 at 13-14.

Lifted does not argue that Walmart had constructive knowledge of the '655 Patent.[8] Docket No. 254 at 16-21. Rather, Lifted argues that Walmart had actual notice of Lifted's infringement claims when Lifted sent a letter to Novelty on November 14, 2016 alleging infringement of the '655 Patent. *Id.* at 16. Lifted claims that, because Novelty was contractually required to provide notice to Walmart of any allegations of infringement regarding the Midnight Smoker, Walmart had actual notice at the time Novelty had actual notice of Lifted's allegations. *Id.*

Under § 287(a), "[k]nowledge by the infringer is not enough. Actual notice [ ] requires performance by the patentee." *Arctic Cat v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 866-67 (Fed. Cir. 2020); *see also Amsted Indus. Inc*, 24 F.3d at 187 ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993) ("The notice of infringement must therefore come from the patentee, not the infringer."). Lifted cites *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 2000 WL 34513948 (E.D. Mich. Aug. 1,

---

[8] Despite the fact that Lifted admitted in its interrogatory responses that the Toker Poker could have been marked with patent registration numbers, but was not, *see* Docket No. 225 at 4, ¶¶ 6-7; Docket No. 225-2 at 4, 6, Lifted purports to deny Walmart's factual assertions to the effect. *See* Docket No. 254 at 2-3, ¶¶ 6-7. However, in its response to both motions, Lifted does not claim that defendants had constructive notice. *See id.* at 12-20.

7

2000), for the proposition that notification of one party can constitute notice to another when the parties are indemnified. Docket No. 254 at 17. In *Vulcan*, a patentee notified a third party of potential infringement and the patentee knew that the third party passed the patentee's letter on to the alleged infringer. 2000 WL 34513948, at *4. The court ruled that the patentee had provided actual knowledge of its infringement allegations to the accused infringer. *Id.* However, under *Vulcan*, Walmart would have actual notice only if Lifted knew Novelty passed the November 14, 2016 letter on to Walmart. Yet Lifted introduces no facts to dispute that Novelty did not inform Walmart of any infringement allegations until 2017. Docket No. 254 at 19-20. The fact that Novelty had a duty to do so does not create a genuine issue of disputed fact.

Next, Lifted argues that Walmart has failed to answer discovery requests from Lifted that "may lend credence to Lifted's position that it notified Walmart." *Id.* at 18 (quoting *Hoover Co. v. Bissell Inc.*, 38 F. Supp. 2d 519, 525 (N.D. Ohio 1999) (alterations omitted)). Lifted does not describe what evidence discovery could produce that would shed light on the affirmative actions Lifted took to provide notice Novelty. "A patentee cannot rely on an assumption that a defendant knew of or should have known of the patent and the alleged infringement, the patentee must demonstrate an affirmative communication was made." *Lucent Tech., Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1185 (S.D. Cal. 2007). Even if discovery produced evidence that Walmart believed it had notice, Walmart's "subjective belief of whether it received actual notice is not relevant." *Id.* Lifted does not describe what additional evidence beyond Walmart's own belief that Walmart could provide to Lifted in discovery. Docket

No. 254 at 18.

Finally, Lifted argues that Walmart received actual notice of its infringement allegations on July 10, 2017 when Lifted sent Walmart a third party subpoena that included a complaint alleging that Novelty was infringing the '655 patent.  *Id.* at 19-20.  "[A] patentee cannot recover damages absent marking or notice to the 'particular defendants by informing them of his patent *and of their infringement of it*.'"  *Amsted*, 24 F.3d at 187 (quoting *Dunlap v. Schofield*, 152 U.S. 244, 247-48 (1894)).  At the time Lifted served the subpoena to Walmart, Lifted had not joined Walmart as a defendant in this case.  Lifted does not explain why the complaint against Novelty was sufficient to provide actual notice of Lifted's allegations of infringement against Walmart.  *See* Docket No. 254 at 19-20.  The Court finds that it is undisputed that Walmart did not have actual or constructive knowledge of any allegations that Novelty was infringing the '655 Patent before July 27, 2017.  Accordingly, Lifted's damages for its patent infringement claim against Walmart are appropriately limited to those incurred after July 27, 2017.

Walmart includes a footnote stating that its argument on limiting Lifted's damages for patent infringement applies to "Novelty, which only received notice of its alleged infringement via letter on November 14, 2016."  Docket No. 225 at 15 n.2.  Additionally, Walmart asks that the Court to "find that Novelty had no actual or constructive notice of the '655 Patent until November 14, 2016."  *Id.* at 16.  The Court will decline to grant this portion of Walmart's motion as Walmart fails to offer any legal argument to support when Novelty received actual or constructive notice of the '655 Patent.

9

### B. Novelty's Motion

Novelty seeks an order deeming its statement of undisputed facts as established for the purpose of trial. Docket No. 226 at 1. Lifted has filed a response addressing these statements of fact. Docket No. 254 at 7-9, ¶¶ 1-13. Novelty did not file a reply. The Court will deem the facts stated in Section I of this order as admitted for the purpose of trial.

Novelty asks the Court to deem it undisputed that, "[p]rior to receiving Lifted's November 14, 2016 letter, Novelty had no constructive nor actual notice that the Toker Poker was allegedly protected by any intellectual property rights" and that, "[p]rior to receiving Lifted's July 27, 2017 letter, Walmart had no constructive nor actual notice that the Toker Poker was allegedly protected by any intellectual property right." Docket No. 226 at 2-3, ¶¶ 11, 13. The Court, however, agrees with Lifted that the portion of Novelty's statement of fact that asks Lifted to admit or deny that Walmart and Novelty had actual and constructive notice is a legal conclusion. The Court will disregard that part of the undisputed fact.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Walmart Inc.'s Motion for Oral Argument [Docket No. 290] is **DENIED**. It is further

**ORDERED** that Defendant Walmart, Inc.'s Motion for Partial Summary Judgment [Docket No. 225] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that Defendant Novelty Inc.'s Second Motion for Partial Summary

Judgment [Docket No. 226] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that plaintiff's damages pursuant to its first claim for patent infringement are limited to those incurred after July 27, 2017 regarding defendant Walmart Inc.

DATED March 3, 2023

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge